■ ANTHONY PANTOJA, an Infant, by His Mother and Natural Guardian, HELG PANTOJA, et al., Appellants, v NEW YORK

CITY TRANSIT AUTHORITY, Respondent. [679 NYS2d 388] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 20, 1998, which granted defendant's motion for summary judgment dismissing the complaint and denied as moot plaintiffs' cross motion to strike the answer and for discovery, unanimously affirmed, without costs.

The infant plaintiff was injured when a young woman fell or was pushed from an elevated subway platform and landed upon him. Seeking to cast defendant Transit Authority in damages for the infant plaintiff's harm, plaintiffs have alleged that the Transit Authority was negligent in failing to design, construct and maintain a railing sufficiently high to prevent the young woman's fall; the existing platform railing was 43 inches in height. Assuming arguendo that the design and maintenance of a safe platform railing constituted an aspect of defendant's proprietary duty and that that duty ran to persons, such as the infant plaintiff, not upon defendant's premises, it is nonetheless clear that the action must be dismissed since defendant satisfied whatever duty it may be said to have had to design and maintain a safe railing. Certainly, barring any proof to the contrary, and plaintiff has presented none (*compare, Cruz v New York City Tr. Auth.,* 136 AD2d 196, 197-198), the existing 43-inch high platform railing should have afforded reasonable protection against an accidental fall such as that hypothesized by plaintiffs (*see, Cruz v New York City Tr. Auth.,*190 AD2d 651, *lv denied* 82 NY2d 654 [44-inch high railing deemed to satisfy Transit Authority's duty to provide a safe railing]). In this latter connection, we note that the fact of the young woman's fall cannot be adduced as evidence of the subject railing's inadequacy, since there exists no non-speculative basis to conclude that the young woman's fall was indeed accidental. The evidence is at least equally compelling that the young woman fell despite, not because of, the railing, by reason of volitional conduct for which defendant Transit Authority cannot be held accountable (*see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175). Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.